UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAFAEL ORTIZ,                                                           **SECOND AMENDED COMPLAINT**

                                                                                          **16 cv 2922 (LTS)**

                                                                                          **ECF Case**

                   Plaintiff,

      vs.

The CITY OF NEW YORK,
NEW YORK CITY DETECTIVES
TARAH BARRETT, EMERITO DEJESUS,
SEAN DRAIN, and SERGEANT JUAN ORTIZ,
in their individual and official capacities,
                                                                                          **JURY TRIAL DEMANDED**
                Defendants.
-----------------------------------------------------------x

Plaintiff Rafael Ortiz, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the unlawful strip search of Rafael Ortiz ("Plaintiff") at the hands of NYPD Narcotics Detectives, who baselessly suspected Plaintiff of purchasing marijuana on the street and then illegally conducted an anal-cavity search of Plaintiff. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for illegal strip search, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

1

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Rafael Ortiz is a United States citizen and at all relevant times a resident of the City of New York, State of New York.

7. The individually named defendants Detective Tarah Barrett (Shield # 2277) ("Det. Barrett"), Detective Emerito Dejesus (Shield # 7309) ("Det. Dejesus"), Detective Sean Drain (Shield # 6915) ("Det. Drain"), and Sergeant Juan Ortiz (Shield # 5606) ("Sgt. Ortiz") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the Narcotics Borough Manhattan South.

9. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

11. In the late afternoon of June 12, 2014, Plaintiff was walking to his home, at 425 West 25th Street in Manhattan, when he ran into some friends from the neighborhood, including Frank Ramirez ("Mr. Ramirez") and Roy Williams ("Mr. Williams"), in front of London Grocery (a deli) at 252 10th Avenue (between 24th and 25th Streets), in New York City.

12. For many years, London Grocery has been a gathering place for the neighborhood's "old-timers," older men in their 60s and 70s who live in the Chelsea Houses and often play dominos together in the afternoons on the public tables around their apartment buildings, which are clustered between 9th and 10th Avenues between 25th and 26th Streets.

13. Plaintiff is friends with and sometimes plays dominos with the old-timers, and he knows many of the other men who live in the neighborhood.

14. Plaintiff greeted Mr. Ramirez and Mr. Williams, shook their hands, lit a cigarette, and chatted with the men and with others he recognized.

15. Plaintiff momentarily opened the door of London Grocery to see if anyone he knew was inside the deli.

16. Plaintiff remained in front of London Grocery for about twenty to thirty minutes before walking back to his apartment building.

17. At no point did Plaintiff exchange any objects or make any transactions with Mr. Ramirez or Mr. Williams or anyone else.

18. As Plaintiff walked to his building, he was approached by two NYPD Narcotics Detectives in plain clothes – Det. Barrett and Sgt. Ortiz.

19. Det. Barrett stepped in front of Plaintiff and faced him.

20. As she did so, Det. Barrett held her police badge with one hand and ordered Plaintiff to stop.

21. Facing Det. Barrett on the sidewalk, seeing her indicate that she was police and being ordered to stop, Plaintiff stopped walking and stood still.

22. Det. Barrett told Plaintiff, in substance, "Hold up.  We saw you make a transaction with those guys in front of the store.  What do you have on you?"

23. Plaintiff denied engaging in any transaction with Mr. Ramirez or Mr. Williams or anyone else outside London Grocery, but he admitted having three bags of marijuana in his back pocket.

24. Sgt. Ortiz reached into the back pocket of Plaintiff's jeans and took out three small bags, each bag containing about half a gram of marijuana.

25. Plaintiff kept those bags of marijuana in his back pocket with the intention of taking the marijuana home and smoking it.

26.  Plaintiff had purchased those three "nickel" bags for $15 total inside an apartment over an hour before greeting Mr. Ramirez and Mr. Williams in front of London Grocery.

27.  At no point outside London Grocery did Plaintiff ever remove or refer to those bags of marijuana.

28.  Sgt. Ortiz arrested and handcuffed Plaintiff, searched him, and took Plaintiff's wallet, keys, and cigarettes.

29.  Plaintiff was then taken into an unmarked police van, still handcuffed.

30.  Soon afterwards, Mr. Ramirez and Mr. Williams – who had also been searched (with nothing unlawful recovered from them) and handcuffed – were hauled and locked in the van as well.

31.  After spending several hours in the van, the men were driven to the NYPD 6th Precinct (the "Precinct") in Manhattan.

32.  From the time he was arrested, Plaintiff never hid any items anywhere on his body and never had an opportunity to do so because he was continuously handcuffed.

33.  From the time he was arrested, Plaintiff did and said nothing to demonstrate any desire or intention to conceal any items.

34.  From the time Plaintiff was arrested, the individual defendants kept an eye on him and observed absolutely no words, gestures, expressions, attitudes, or actions from him or the other arrestees that created reason to believe that any of the men were hiding contraband anywhere on their bodies.

35.  At the Precinct, Plaintiff, Mr. Ramirez, and Mr. Williams were taken one by one to the bathroom where they were each subjected to a degrading strip search.

36. Acting according to Det. Dejesus' and Det. Drain's orders, Plaintiff was forced to go into the bathroom, remove all his clothing, bend over naked, squat and expose his anus to prove that no contraband was hidden therein.

37. Such a strip search is illegal in the case of a person charged with possession of marijuana who truthfully admits to having three small bags of marijuana in his back pocket and never attempts to conceal anything.

38. Plaintiff was prosecuted in New York County Criminal Court under Docket No. 2014NY045702, charged with Criminal Possession of Marijuana in the 5th Degree (Penal Law 221.10(1)) and Unlawful Possession of Marijuana (PL 221.05).

39. In the Criminal Court Complaint, Det. Barrett falsely stated: "I observed the defendant [Plaintiff] engage in conversation with separately charged defendants Franks Ramirez and Roy Williams, at the above-described location. I observed the defendant hand defendant Williams money. I then observed defendant Williams hand that money to defendant Ramirez. I then observed defendant Ramirez hand a small object to the defendant. I then observed the defendant walk away quickly from the location."

40. In the Complaint, Det. Barrett further states: "I took two clear bags containing marijuana from the defendant's sweatpants pocket."

41. On October 2, 2014, Plaintiff pled guilty to the violation of Disorderly Conduct under New York State Penal Law Section 240.20, and was sentenced to perform one day of community service, which he did successfully.

42. Mr. Ramirez' and Mr. Williams' cases were dismissed pursuant to Criminal Procedure Section 30.30. These outcomes are consistent with the truth that only Mr. Ortiz possessed marijuana while Mr. Ramirez and Mr. Williams never sold marijuana.

43. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

44. In particular, Det. Dejesus, Det. Drain, and Sgt. Ortiz have lengthy disciplinary histories, with numerous substantiated complaints.

45. Despite being subjected to performance monitoring, these particular individual defendants continue to wield significant power over the lives of everyday citizens, power that is abused because of flaccid supervision and control over them.

46. Proportionate and appropriate discipline sends a message to NYPD employees that they are not above the law and are accountable to the people whom they serve. Lack of discipline promotes malicious and abusive conduct by NYPD officers.

47. The inadequacy of NYPD's supervision and discipline is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people unlawfully, detain and search people unlawfully, and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested, searched, and charged.

48. Moreover, there has been an over-aggressive and illegal strip search policy in the NYPD Narcotics Division, a policy that favors strip-searching even low-level, non-criminal marijuana possessors, and other mere possessors of drugs.

49. If the aggressive strip-searching is not an explicit policy of the NYPD's Narcotics Division, then it is a rampant and recklessly tolerated practice, well-

documented, widely reported, flagrantly abused, sadistically embraced as a humiliating practice that rarely bears fruit.

50.     Since 2014, Plaintiff's lawyer alone – Cyrus Joubin – has filed and settled five other lawsuits in the Southern District of New York against detectives from the NYPD Narcotics Borough claiming illegal anal cavity searches on the plaintiffs.

51.     Those lawsuits – all of which settled with the illegal strip search claims intact – were <u>Lorenzo v. City of New York, et al.</u>, 14 cv 9865 (ALC); <u>Siler v. City of New York, et al.</u>, 15 cv 189 (ER); <u>Beverly v. City of New York, et al.</u>, 15 cv 2315 (GHW); <u>Ramirez v. City of New York, et al.</u>, 15 cv 1589 (PAE); and <u>Williams v. City of New York, et al.</u>, 15 cv. 8008 (DLC).

52.     In none of those cases was any contraband discovered in the plaintiffs' body cavities.

53.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

   b. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

**Deprivation of Federal Civil Rights Under Section 1983**

54.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

56. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

57. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Illegal Strip Search Under Section 1983

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free of unlawful searches of his person.

61. The anal-cavity strip search of Plaintiff – an extreme invasion of privacy and bodily dignity – took place without probable cause to believe that a weapon or contraband was secreted in his anus.

62. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

**Failure to Intervene Under Section 1983**

63.   Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64.   Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

65.   The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

66.   As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FOURTH CLAIM**

**Municipal Liability Under Section 1983**

67.   Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

68.   By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest, excessive force, and illegal abuse through its failure to train, supervise, and discipline abusive and malicious officers.

69.   By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of unlawful strip searches through its policy and practice in the NYPD Narcotics Division of over-aggressively and indiscriminately strip-searching people who merely possess drugs.

70. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    An order awarding compensatory damages for Plaintiff Rafael Ortiz in an amount to be determined at trial;

    b.    An order awarding punitive damages in an amount to be determined at trial;

    c.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.    Such other and further relief as this Court may deem appropriate.

DATED:    January 20, 2016    _____s/_____
    New York, New York    CYRUS JOUBIN, ESQ.
    43 West 43rd Street, Suite 119
    New York, NY 10036
    (703) 851-2467
    joubinlaw@gmail.com
    Attorney for Rafael Ortiz